HARRY McGRATH, Individually and as President of Local Union No. 125 of the International Union of Operating Engineers, an Unincorporated Association of More than Seven Members, Plaintiff, *v.* JAMES R. DILLON, Individually and as President of Local Union No. 130 of the International Union of Operating Engineers, an Unincorporated Association of More than Seven Members, Defendant.

Supreme Court, Bronx County, December 30, 1932.

*Owen S. M. Tierney,* for the plaintiff.

*James E. Smith,* for the defendant.

HAMMER, J. The temporary injunction here sought is in effect the enjoining and restraint of the officers and members of Local Union No. 130 of the International Union of Operating Engineers

from continuing as such and requiring them to remain as members of Local Union No. 125. To grant the temporary injunction sought would in effect summarily determine the ultimate merits of the controversy upon conflicting affidavits and without the advantages of deliberate trial. Issues are raised which can only be decided upon trial. The facts are disputed and the right to the relief sought is not plain. Even though the motives of the defendant may be questionable, unless it can be determined upon the papers here presented that the officers and members of the defendant local union have no legal right to do the acts which plaintiff seeks to restrain, the injunction should not be granted in advance of trial.

As part of the relief there is almost hidden in the prayer for the extremely broad and far-sweeping injunction to which reference has been made a request that Local Union No. 130 and its president and other agents and representatives be enjoined from circulating or causing to be circulated any report or reports that Local 125 is not a member of the International Union of Operating Engineers or of the American Federation of Labor or that Local 130 by its charter has complete jurisdiction over the work performed by engineers in the city of New York. The contrary has been determined upon trial in a litigation involving the very individuals who are parties here. (*Irwin* v. *Possehl*, 143 Misc. 855.)

It is clear that the acts of the defendants, in so far as they conflict with the rights of the officers and members of Local 125 to carry on in accordance with said judgment of this court entered in *Irwin* v. *Possehl* (*supra*), must be here and now held to be illegal and enjoined. The defendants will be enjoined to the extent indicated and in all other respects the motion denied without prejudice to decision upon trial. Settle order.